**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

_____

ACORDA THERAPEUTICS, INC. and )
ALKERMES PHARMA IRELAND LIMITED, )
                       )
        Plaintiffs, )      Case No. 1:14-cv-935-LPS
                       )
v. )
                       )
MYLAN PHARMACEUTICALS INC., )
                       )
                       )
        Defendant. )
_____)

## ANSWER, DEFENSES AND COUNTERCLAIMS OF
## MYLAN PHARMACEUTICALS INC.

Defendant Mylan Pharmaceuticals Inc. ("Mylan" or "Defendant") answers the Complaint

of Plaintiffs Acorda Therapeutics, Inc. and Alkermes Pharma Ireland Limited (collectively,

"Plaintiffs") as follows:

## RESPONSE TO ALLEGATIONS PERTAINING TO THE NATURE OF THE ACTION

1.      This is an action by Plaintiffs against Defendants for patent infringement of
United States Patent Nos. 5,540,938 (the "'938 patent"), 8,007,826 (the "'826
patent"), 8,354,437 (the "'437 patent"), 8,440,703 (the "'703 patent") and
8,663,685 (the "'685 patent") (collectively, the "Ampyra® Patents").

**ANSWER:**     Paragraph 1 contains legal conclusions and allegations to which no answer is

required. To the extent an answer is required, Mylan admits that Plaintiffs purport to bring an

action for alleged infringement of the '938 patent, the '826 patent, the '437 patent, the '703

patent and the '685 patent. Mylan, however, denies that it infringes any valid claim of the '938

patent, the '826 patent, the '437 patent, the '703 patent and/or the '685 patent. Mylan denies the

allegations contained in paragraph 1 of the Complaint not expressly admitted.

1

2.      This action arises out of Defendants' filing of Abbreviated New Drug Application ("ANDA") No. 20-6268 and/or 20-6858 seeking approval by the United States Food and Drug Administration ("FDA") to sell generic copies of Acorda's flagship drug product Ampyra®, prior to the expiration of the Ampyra® Patents.

**ANSWER:**      Paragraph 2 contains legal conclusions and allegations to which no answer is required.  To the extent an answer is required, Mylan admits that Mylan Pharmaceuticals Inc. filed ANDA No. 20-6858 with the FDA seeking approval for generic Dalfampridine Extended Release Tablets, 10 mg.  Mylan denies the allegations contained in paragraph 2 of the Complaint not expressly admitted.

## RESPONSE TO ALLEGATIONS PERTAINING TO THE PARTIES

3.      Acorda is a corporation organized under the laws of the State of Delaware and has its principal place of business located at 420 Saw Mill River Road, Ardsley, New York 10502. Acorda is engaged in the research, development, and sale of biotech and pharmaceutical products. Acorda invests extensively in designing and developing new and innovative therapies to restore neurological function and improve the lives of people with multiple sclerosis ("MS"), spinal cord injuries and other disorders of the nervous system. Ampyra® is the only treatment shown to improve walking in people with MS, which was demonstrated by an increase in walking speed.

**ANSWER:**      Mylan lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and, on that basis, Mylan denies those allegations.

4.      Alkermes is an Irish corporation (company number 448848) having a principal place of business at Connaught House, 1 Burlington Road, Dublin 4, Ireland.

**ANSWER:**      Mylan lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and, on that basis, Mylan denies those allegations.

5.      Alkermes is the assignee of the '938 patent. Acorda is the exclusive licensee in the U.S. to package, use, import, export, promote, distribute, offer for sale, sell and otherwise exploit the '938 patent for oral prescription medicine for the

treatment of MS in humans. Acorda also has the right to initiate and prosecute legal action for infringement by a third-party of the '938 patent.

**ANSWER:** Paragraph 5 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan admits that Alkermes is listed as the assignee of the '938 patent in the records of the United States Patent and Trademark Office ("USPTO"). Mylan lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint, and, on that basis, Mylan denies those allegations.

6.      Acorda has all right, title, and interest in the '826 patent, '437 patent, '703 patent, and '685 patent, and the right to sue for infringement thereof.

**ANSWER:** Paragraph 6 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and, on that basis, Mylan denies those allegations.

7.      On information and belief, defendant Mylan Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of West Virginia, having a principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505, and having designated its registered agent for the State of Delaware as Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. On information and belief, Mylan Pharmaceuticals Inc. is a wholly-owned subsidiary of Mylan Inc.

**ANSWER:** Mylan admits that it is a corporation organized and existing under the laws of the State of West Virginia with a place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505 and that it is a wholly owned subsidiary of Mylan Inc. Mylan denies the allegations contained in paragraph 7 of the Complaint not expressly admitted.

8.      On information and belief, defendant Mylan Pharmaceuticals Inc. is in the business of, among other things, formulating, developing, manufacturing,

packaging, marketing, and selling generic copies of branded pharmaceutical products for the United States market, including in Delaware.

**ANSWER:**   Mylan admits that it develops, manufactures and packages pharmaceutical products for sale in the United States.  Mylan denies the allegations contained in paragraph 8 of the Complaint not expressly admitted.

9. On information and belief, defendant Mylan Pharmaceuticals Inc. is actively registered with the Delaware Board of Pharmacy, pursuant to 24 Del. C. § 2540, as a licensed "Pharmacy-Wholesale" (License No. A4-0001719) and "Distributor/Manufacturer CSR" (License No. DM-00007571).

**ANSWER:**   Mylan admits that it holds licenses No. A4-0001719 and DM-00007571.  Mylan denies the allegations contained in paragraph 9 of the Complaint not expressly admitted.

10. On information and belief, defendant Mylan Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having a principal place of business at 1000 Mylan Boulevard, Canonsburg, Pennsylvania 15317.

**ANSWER:**   Mylan admits that Mylan Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania, with a place of business at 1000 Mylan Boulevard, Canonsburg, Pennsylvania, 15317.  Mylan denies the allegations contained in paragraph 10 of the Complaint not expressly admitted.

11. On information and belief, defendant Mylan Inc., along with its subsidiaries including Mylan Pharmaceuticals Inc., is, *inter alia*, a pharmaceutical company which develops, licenses, manufactures, markets and distributes generic pharmaceuticals in the U.S. In February 2014, Mylan Inc. reported that it is one of the largest generic pharmaceutical companies in the world today in terms of revenue as a result of, *inter alia*, its "ability to efficiently obtain [ANDA] approvals . . . ." Mylan Inc. further reported that it "holds the number one ranking in the U.S. generics prescription market in terms of sales and the number two ranking in terms of prescriptions dispensed." Mylan Inc. also reported that "[it] expect[s] to achieve growth in [its] U.S. business by launching new products for which [it] may attain U.S. [FDA] first-to-file status with Paragraph IV certification."

**ANSWER:**   Mylan admits that Mylan Pharmaceuticals Inc. is engaged in the development, manufacturing, distribution and sale of certain generic pharmaceutical products within the United

States.  Mylan lacks sufficient knowledge and information to form a belief as to the truth of the

remaining allegations contained in paragraph 11 of the Complaint especially in view of the lack

of citations for the alleged quotes, and, on that basis, Mylan denies those allegations.  Mylan

further denies the allegations contained in paragraph 11 of the Complaint not expressly admitted.

<u>**RESPONSE TO ALLEGATIONS PERTAINING TO JURISDICTION AND VENUE**</u>

12.  This action arises under the patent laws of the United States, Title 35, United
States Code. The Court has subject matter jurisdiction over this action pursuant to
the provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:**  Paragraph 12 contains legal conclusions and allegations to which no answer is

required.  To the extent an answer is required, Mylan admits that Plaintiffs purport to bring this

action such that it arises under the Patent Laws of the United States, Title 35, United States Code

and does not contest that this Court has subject matter jurisdiction over this action, but denies

that Mylan Inc. is a proper party to this action.   Mylan denies the allegations contained in

paragraph 12 of the Complaint not expressly admitted.

13.  Based on the facts and causes alleged herein, and for additional reasons to be
further developed through discovery, this Court has personal jurisdiction over the
Defendants.

**ANSWER:**  Mylan denies the allegations contained in paragraph 13 of the Complaint.

14.  This Court has personal jurisdiction over Defendants by virtue of the fact that,
*inter alia*, they have committed - or aided, abetted, induced, contributed to, or
participated in the commission of - the tortious act of patent infringement that has
led and/or will lead to foreseeable harm and injury to Acorda, a Delaware
corporation, and to Alkermes.

**ANSWER:**  Mylan denies the allegations contained in paragraph 14 of the Complaint.

15.  This Court has personal jurisdiction over defendant Mylan Pharmaceuticals Inc.
On information and belief, Mylan Pharmaceuticals Inc. regularly does or solicits
business in Delaware, engages in other persistent courses of conduct in Delaware
and/or derives substantial revenue from services or things used or consumed by
Mylan Pharmaceuticals Inc. or its affiliates and agents, including Mylan Inc., in
Delaware, demonstrating that Mylan Pharmaceuticals Inc. has continuous and

systemic contacts with Delaware. For example, on information and belief, Mylan Pharmaceuticals Inc. has designated its registered agent for the State of Delaware as Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Also, Mylan Pharmaceuticals Inc. is actively registered with the Delaware Board of Pharmacy, pursuant to 24 Del. C. § 2540, as a licensed "Pharmacy-Wholesale" (License No. A4-0001719) and "Distributor/Manufacturer CSR" (License No. DM-00007571).

**ANSWER:** Paragraph 15 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Mylan admits that it has a designated registered agent in Delaware and that it holds licenses A4-0001719 and DM-00007571 but denies that it is subject to personal jurisdiction in this Court. Mylan denies the allegations contained in paragraph 15 of the Complaint not expressly admitted.

16.     On information and belief, defendant Mylan Pharmaceuticals Inc. is in the business of, among other things, formulating, developing, manufacturing, packaging, marketing, and selling generic copies of branded pharmaceutical products for the United States market, including in Delaware. On information and belief, Mylan Pharmaceuticals Inc. directly or through its affiliates and agents (including Mylan Inc.), formulates, manufactures, packages, markets, and/or sells pharmaceutical products throughout the United States and in Delaware.

**ANSWER:** Mylan admits that it is engaged in the development, manufacturing, distribution and sale of certain generic pharmaceutical products within the United States. Mylan denies the allegations contained in paragraph 16 of the Complaint not expressly admitted.

17.     On information and belief, Mylan Pharmaceuticals Inc. has previously availed itself of this forum by litigating, as a defendant, over 50 other civil actions initiated in this jurisdiction over the last 19 years and affirmatively invoked this Court's jurisdiction by asserting counterclaims in at least 46 of those cases, including, for example, in *UCB, Inc., et al., v. Mylan Pharmaceuticals Inc., et al.*, C.A. 13-cv-01214-LPS (D. Del. Sept. 16, 2013) (Doc. 11), and in *Teijin Limited, et al. v. Mylan Pharmaceuticals, Inc.* C.A. 13-cv-01781-SLR (D. Del. Nov. 27, 2013) (Doc. 10).

**ANSWER:** Paragraph 17 contains legal conclusions and allegations to which no answer is required. To the extent and answer is required, Mylan admits that it has previously litigated in

this jurisdiction but denies that it is subject to personal jurisdiction by this court.  Mylan denies

the allegations contained in paragraph 17 of the Complaint not expressly admitted.

18.     This Court has personal jurisdiction over defendant Mylan Inc. On information and belief, Mylan Inc. regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware by Mylan Inc. or its affiliates and agents, including Mylan Pharmaceuticals Inc., demonstrating that Mylan Inc. has continuous and systemic contacts with Delaware.

**ANSWER:**     Mylan denies the allegations contained in paragraph 18 of the Complaint.

19.     On information and belief, defendant Mylan Inc., along with its subsidiaries including Mylan Pharmaceuticals Inc., is, *inter alia*, a pharmaceutical company which develops, licenses, manufactures, markets and distributes generic pharmaceuticals in the U.S. In February 2014, Mylan Inc. reported that it is one of the largest generic pharmaceutical companies in the world today in terms of revenue as a result of, inter alia, its "ability to efficiently obtain [ANDA] approvals . . . ." Mylan Inc. further reported that it "holds the number one ranking in the U.S. generics prescription market in terms of sales and the number two ranking in terms of prescriptions dispensed." Mylan Inc. also reported that "[it] expect[s] to achieve growth in [its] U.S. business by launching new products for which [it] may attain U.S. [FDA] first-to-file status with Paragraph IV certification."

**ANSWER:**     Mylan admits that it is engaged in the development, manufacturing, distribution

and sale of certain generic pharmaceutical products within the United States.  Mylan denies that

Mylan Inc. is a proper party to this action.  Mylan lacks sufficient knowledge and information to

form a belief as to the truth of the remaining allegations contained in paragraph 19 of the

Complaint especially in view of the lack of citations for the alleged quotes, and, on that basis,

Mylan denies those allegations.  Mylan denies the allegations contained in paragraph 19 of the

Complaint not expressly admitted.

20.     On information and belief, Mylan Inc. has previously availed itself of this forum and affirmatively invoked this Court's jurisdiction by litigating as a defendant and asserting counterclaims in at least 15 cases initiated in this jurisdiction over the past ten years, including, for example, in *UCB, Inc., et al., v. Mylan Pharmaceuticals Inc., et al.*, C.A. 1:13-cv-01214-LPS (D. Del. Sept. 16, 2013)

(Doc. 11), and in *Forest Laboratories, Inc., et al. v. Mylan Inc., et al.*, C.A. 1 :13-cv-01605-SLR (D. Del. Oct. 18, 2013) (Doc. 1 0).

**ANSWER:** Paragraph 20 contains legal conclusions and allegations to which no answer is required. To the extent and answer is required, Mylan admits that Mylan Inc. has previously litigated in this jurisdiction but denies that Mylan Inc. is subject to personal jurisdiction by this court or that Mylan Inc. is a proper party to this action. Mylan denies the allegations contained in paragraph 20 of the Complaint not expressly admitted.

21. On information and belief, Defendants are agents of each other and/or work in concert with each other with respect to the development, regulatory approval, marketing, sale, and distribution of pharmaceutical products throughout the United States, including into Delaware, including the dalfampridine extended release tablets described in Defendants' ANDA No. 20-6268 and/or 20-6858 (the "Mylan Generic Tablets"), which are accused of infringing the Ampyra® patents.

**ANSWER:** Mylan denies the allegations contained in paragraph 21 of the Complaint.

22. If ANDA No. 20-6268 and/or 20-6858 is approved, the Mylan Generic Tablets will, among other things, be marketed and distributed in Delaware, and/or prescribed by physicians practicing and dispensed by pharmacies located within Delaware, all of which will have a substantial effect on Delaware.

**ANSWER:** Mylan denies the allegations contained in paragraph 22 of the Complaint.

23. Defendants know and intend that Mylan Generic Tablets will be distributed and sold in the United States, including in Delaware.

**ANSWER:** Mylan denies the allegations in paragraph 23 of the Complaint.

24. Venue is proper in this judicial district pursuant to the provisions of 28 U.S. C. §§ 1391 and 1400(b).

**ANSWER:** Mylan denies the allegations in paragraph 24 of the Complaint.

## RESPONSE TO ALLEGATIONS PERTAINING TO BACKGROUND

25. On July 30, 1996, the United States Patent and Trademark Office ("USPTO") issued the '938 patent, titled "Formulations and Their Use in the Treatment of Neurological Diseases." The '938 patent is duly and legally assigned to Alkermes. Acorda is the exclusive licensee in the U.S. to package, use, import, export, promote, distribute, offer for sale, sell and otherwise exploit the '938 patent for

oral prescription medicine for the treatment of MS in humans. Acorda also has the right to initiate and prosecute legal action for infringement by a third-party of the '938 patent. A copy of the '938 patent is attached hereto as Exhibit A.

**ANSWER:**   Mylan admits that Plaintiffs purport to attach a copy of the '938 patent to the Complaint as Exhibit A, which speaks for itself and is the best source for its content.  Mylan further admits that information on the face of the '938 patent indicates that the '938 patent issued on July 30, 1996, and is entitled "Formulations and Their Use in the Treatment of Neurological Diseases."  Mylan lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint, and, on that basis, Mylan denies those allegations.

26.   On August 30, 2011, the USPTO issued the '826 patent, titled "Sustained Release Aminopyridine Composition." The '826 patent is duly and legally assigned to Acorda. A copy of the '826 patent is attached hereto as Exhibit B.

**ANSWER:**   Mylan admits that Plaintiffs purport to attach a copy of the '826 patent to the Complaint as Exhibit B, which speaks for itself and is the best source for its content.  Mylan further admits that information on the face of the '826 patent indicates that the '826 patent issued on August 30, 2011, and is entitled "Sustained Release Aminopyridine Composition."  Mylan lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint, and, on that basis, Mylan denies those allegations.

27.   On January 15, 2013, the USPTO issued the '437 patent, titled "Method of Using Sustained Release Aminopyridine Compositions." The '437 patent is duly and legally assigned to Acorda. A copy of the '437 patent is attached hereto as Exhibit C.

**ANSWER:**   Mylan admits that Plaintiffs purport to attach a copy of the '437 patent to the Complaint as Exhibit C, which speaks for itself and is the best source for its content.  Mylan

further admits that information on the face of the '437 patent indicates that the '437 patent issued on January 15, 2013, and is entitled "Method of Using Sustained Release Aminopyridine Compositions."  Mylan lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint, and, on that basis, Mylan denies those allegations.

> 28.    On May 14, 2013, the USPTO issued the '703 patent, titled "Methods of Using Sustained Release Aminopyridine Compositions." The '703 patent is duly and legally assigned to Acorda. A copy of the '703 patent is attached hereto as Exhibit D.

**ANSWER:**   Mylan admits that Plaintiffs purport to attach a copy of the '703 patent to the Complaint as Exhibit D, which speaks for itself and is the best source for its content.  Mylan further admits that information on the face of the '703 patent indicates that the '703 patent issued on May 14, 2013, and is entitled "Methods of Using Sustained Release Aminopyridine Compositions."  Mylan lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint, and, on that basis, Mylan denies those allegations.

> 29.    On March 4, 2014, the USPTO issued the '685 patent, titled "Sustained Release Aminopyridine Composition." The '685 patent is duly and legally assigned to Acorda. A copy of the '685 patent is attached hereto as Exhibit E.

**ANSWER:**   Mylan admits that Plaintiffs purport to attach a copy of the '685 patent to the Complaint as Exhibit E, which speaks for itself and is the best source for its content.  Mylan further admits that information on the face of the '685 patent indicates that the '685 patent issued on March 4, 2014, and is entitled "Sustained Release Aminopyridine Composition."  Mylan lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint, and, on that basis, Mylan denies those allegations.

30.     Acorda holds an approved New Drug Application ("NDA"), No. 022250, for the use of 10 mg dalfampridine extended release tablets to improve walking in patients with multiple sclerosis, which Acorda sells under the registered name Ampyra®.

**ANSWER:**     Upon information and belief, Mylan admits Acorda holds NDA No. 022250 for 10 mg dalfampridine extended release tablets.   Upon information and belief, Mylan further admits that the product that is the subject of NDA No. 022250 is indicated to improve walking in patients with multiple sclerosis and is marketed under the brand name Ampyra®.   Mylan lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint, and, on that basis, Mylan denies those allegations.

31.     The use of Ampyra® to improve walking in patients with MS is covered by the Ampyra® Patents.

**ANSWER:**     Paragraph 31 contains legal conclusions and allegations to which no answer is required.   To the extent an answer is required, Mylan lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and, on that basis, Mylan denies those allegations.

32.     Pursuant to 21 U.S.C. § 355(b)(l) and the regulations the FDA has promulgated pursuant thereto, the Ampyra® Patents are listed in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") for improvement of walking in patients with MS.

**ANSWER:**     Mylan admits that the '938 patent, the '826 patent, the '437 patent, the '703 patent, and the '685 patent are listed in the electronic version of the FDA's Orange Book for Ampyra®.   Mylan denies the allegations contained in paragraph 32 of the Complaint not expressly admitted.

33.     The Orange Book lists the expiration dates for the '938 patent as July 30, 2018, the '826 patent as May 26, 2027, the '437 patent as December 22, 2026, the '703 patent as April 8, 2025, and the '685 patent as January 18, 2025.

11

**ANSWER:** Mylan admits that the electronic version of the FDA's Orange Book lists the expiration dates for the '938 patent as July 30, 2018, the '826 patent as May 26, 2027, the '437 patent as December 22, 2026, the '703 patent as April 8, 2025, and the '685 patent as January 18, 2025. Mylan denies the allegations contained in paragraph 35 of the Complaint not expressly admitted.

34. By letter dated July 9, 2014 (the "Mylan Notice Letter") and received by Plaintiffs on July 10, 2014, Mylan Pharmaceuticals Inc. notified Plaintiffs that it had filed an ANDA, identified in the Mylan Notice Letter as No. 20-6268 in the first paragraph and as No. 20-6858 in the rest of the document, with the FDA, seeking approval under the Federal Food, Drug and Cosmetic Act ("FDCA") to market and sell Mylan Generic Tablets - generic copies of Ampyra® (10 mg dalfampridine extended release tablets), prior to the expiration of the Ampyra® Patents.

**ANSWER:** Mylan admits that by letter dated July 9, 2014 (the "Notice Letter"), which speaks for itself and is the best source for its content, Mylan notified Plaintiffs of the filing of Mylan's ANDA No. 20-6858 with the FDA, seeking approval to market generic 10 mg dalfampridine extended release tablets prior to the expiration of the '938 patent, the '826 patent, the '437 patent, the '703 patent, and the '685 patent. Mylan denies the allegations contained in paragraph 34 of the Complaint not expressly admitted.

35. The Mylan Notice Letter asserts that ANDA No. 20-6268 and/or 20-6858 contains a Paragraph IV certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and that the Ampyra® Patents are "invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use or sale" of the Mylan Generic Tablets.

**ANSWER:** Mylan admits that the Notice Letter, which speaks for itself and is the best source for its content, provided notification of the paragraph IV certification regarding the '938 patent, the '826 patent, the '437 patent, the '703 patent and the '685 patent, as well as a detailed statement of the factual and legal basis for the paragraph IV certification. Mylan denies the allegations contained in paragraph 35 of the Complaint not expressly admitted.

36.     The Mylan Notice Letter also states that ANDA No. 20-6268 and/or 20-6858 was submitted to the FDA and contains a Paragraph IV certification "to obtain approval to engage in the commercial manufacture, use or sale of the [Mylan Generic Tablets] before the expiration of [the Ampyra® Patents] . . . ."

**ANSWER:**     Mylan admits that the Notice Letter, which speaks for itself and is the best source for its content, provided notification of the paragraph IV certification regarding the '938 patent, the '826 patent, the '437 patent, the '703 patent and the '685 patent, as well as a detailed statement of the factual and legal basis for the paragraph IV certification. Mylan denies the allegations contained in paragraph 36 of the Complaint not expressly admitted.

37.     Upon information and belief, Defendants collaborated and acted in concert in the decision to file and the filing of ANDA No. 20-6268 and/or 20-6858 identified in the Mylan Notice Letter.

**ANSWER:**     Mylan denies the allegations contained in paragraph 37 of the Complaint.

38.     Upon information and belief, Defendants will distribute the Mylan Generic Tablets in the United States.

**ANSWER:**     Mylan denies the allegations contained in paragraph 38 of the Complaint.

## RESPONSE TO ALLEGATIONS PERTAINING TO COUNT I FOR PATENT INFRINGEMENT OF THE '938 PATENT

39.     The allegations of paragraphs 1-38 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:**     Mylan reasserts and incorporates by reference its responses to paragraphs 1-38 above as if fully set forth herein.

40.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Mylan's filing of ANDA No. 20-6268 and/or 20-6858 seeking approval to market Mylan Generic Tablets is an act of infringement of one or more claims of the '938 patent entitling Plaintiffs to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 20-6268 and/or 20-6858 be a date which is not earlier than the expiration date of the '938 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 40 of the Complaint.

41.     Mylan had knowledge of the '938 patent when it submitted ANDA No. 20-6268 and/or 20-6858 to the FDA.

**ANSWER:**     Mylan admits that it had knowledge of the '938 patent when it submitted ANDA No. 20-6858 to the FDA.   Mylan denies the allegations contained in paragraph 41 of the Complaint not expressly admitted.

42.     Upon information and belief, Mylan intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Mylan Generic Tablets with the proposed labeling. The use of Mylan Generic Tablets in accordance with and as directed by Mylan's proposed labeling would infringe one or more claims of the '938 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 42 of the Complaint.

43.     Upon information and belief, Mylan intends to actively induce infringement of one or more claims of the '938 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 43 of the Complaint.

44.     Upon information and belief, Mylan knows that Mylan Generic Tablets and the proposed labeling are especially made or adapted for use in infringing one or more claims of the '938 patent and that the ANDA Products and the proposed labeling are not suitable for any substantial noninfringing use.

**ANSWER:**     Mylan denies the allegations in paragraph 44 of the Complaint.

45.     Upon information and belief, Mylan intends to contribute to the infringement of one or more claims of the '938 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 45 of the Complaint.

46.     The foregoing actions by Mylan constitute and/or would constitute infringement of one or more claims of the '938 patent, active inducement of infringement of one or more claims of the '938 patent, and/or contribution to the infringement by others of one or more claims of the '938 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 46 of the Complaint.

47.     Plaintiffs will be substantially and irreparably harmed if Mylan is not enjoined from infringing the '938 patent. Plaintiffs have no adequate remedy at law.

**ANSWER:**     Mylan denies the allegations in paragraph 47 of the Complaint.

14

## RESPONSE TO ALLEGATIONS PERTAINING TO COUNT II FOR PATENT INFRINGEMENT OF THE '826 PATENT

48.     The allegations of paragraphs 1-47 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:**   Mylan reasserts and incorporates by reference its responses to paragraphs 1-47

above as if fully set forth herein.

49.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Mylan's filing of ANDA No. 20-6268 and/or 20-6858 seeking approval to market Mylan Generic Tablets is an act of infringement of one or more claims of the '826 patent entitling Acorda to the relief provided by 35 U.S.C. § 271 (e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 20-6268 and/or 20-6858 be a date which is not earlier than the expiration date of the '826 patent.

**ANSWER:**   Mylan denies the allegations in paragraph 49 of the Complaint.

50.     Mylan had knowledge of the '826 patent when it submitted ANDA No. 20-6268 and/or 20-6858 to the FDA.

**ANSWER:**   Mylan admits that it had knowledge of the '826 patent when it submitted ANDA

No. 20-6858 to the FDA.   Mylan denies the allegations contained in paragraph 50 of the

Complaint not expressly admitted.

51.     Upon information and belief, Mylan intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Mylan Generic Tablets with the proposed labeling. The use of Mylan Generic Tablets in accordance with and as directed by Mylan's proposed labeling would infringe one or more claims of the '826 patent.

**ANSWER:**   Mylan denies the allegations in paragraph 51 of the Complaint.

52.     Upon information and belief, Mylan intends to actively induce infringement of one or more claims of the '826 patent.

**ANSWER:**   Mylan denies the allegations in paragraph 52 of the Complaint.

53.     Upon information and belief, Mylan knows that Mylan Generic Tablets and the proposed labeling are especially made or adapted for use in infringing one or more claims of the '826 patent and that the ANDA Products and the proposed labeling are not suitable for any substantial noninfringing use.

**ANSWER:**     Mylan denies the allegations in paragraph 53 of the Complaint.

54.     Upon information and belief, Mylan intends to contribute to the infringement of one or more claims of the '826 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 54 of the Complaint.

55.     The foregoing actions by Mylan constitute and/or would constitute infringement of one or more claims of the '826 patent, active inducement of infringement of one or more claims of the '826 patent, and/or contribution to the infringement by others of one or more claims of the '826 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 55 of the Complaint.

56.     Acorda will be substantially and irreparably harmed if Mylan is not enjoined from infringing the '826 patent. Acorda has no adequate remedy at law.

**ANSWER:**     Mylan denies the allegations in paragraph 56 of the Complaint.

## RESPONSE TO ALLEGATIONS PERTAINING TO COUNT III FOR PATENT INFRINGEMENT OF THE '437 PATENT

57.     The allegations of paragraphs 1-56 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:**     Mylan reasserts and incorporates by reference its responses to paragraphs 1-56

above as if fully set forth herein.

58.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Mylan's filing of ANDA No. 20-6268 and/or 20-6858 seeking approval to market Mylan Generic Tablets is an act of infringement of one or more claims of the '437 patent entitling Acorda to the relief provided by 35 U.S.C. § 271 (e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 20-6268 and/or 20-6858 be a date which is not earlier than the expiration date of the '437 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 58 of the Complaint.

59.     Mylan had knowledge of the '437 patent when it submitted ANDA No. 20-6268 and/or 20-6858 to the FDA.

**ANSWER:**     Mylan admits that it had knowledge of the '826 patent when it submitted ANDA

No. 20-6858 to the FDA.   Mylan denies the allegations contained in paragraph 59 of the

Complaint not expressly admitted.

16

60.     Upon information and belief, Mylan intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Mylan Generic Tablets with the proposed labeling. The use of Mylan Generic Tablets in accordance with and as directed by Mylan's proposed labeling would infringe one or more claims of the '437 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 60 of the Complaint.

61.     Upon information and belief, Mylan intends to actively induce infringement of one or more claims of the '437 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 61 of the Complaint.

62.     Upon information and belief, Mylan knows that Mylan Generic Tablets and the proposed labeling are especially made or adapted for use in infringing one or more claims of the '437 patent and that the ANDA Products and the proposed labeling are not suitable for any substantial noninfringing use.

**ANSWER:**     Mylan denies the allegations in paragraph 62 of the Complaint.

63.     Upon information and belief, Mylan intends to contribute to the infringement of one or more claims of the '437 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 63 of the Complaint.

64.     The foregoing actions by Mylan constitute and/or would constitute infringement of one or more claims of the '437 patent, active inducement of infringement of one or more claims of the '437 patent, and/or contribution to the infringement by others of one or more claims of the '437 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 64 of the Complaint.

65.     Acorda will be substantially and irreparably harmed if Mylan is not enjoined from infringing the '437 patent. Acorda has no adequate remedy at law.

**ANSWER:**     Mylan denies the allegations in paragraph 65 of the Complaint.

## RESPONSE TO ALLEGATIONS PERTAINING TO COUNT IV FOR PATENT INFRINGEMENT OF THE '703 PATENT

66.     The allegations of paragraphs 1-65 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:**     Mylan reasserts and incorporates by reference its responses to paragraphs 1-65 above as if fully set forth herein.

67.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Mylan's filing of ANDA No. 20-6268 and/or 20-6858 seeking approval to market Mylan Generic Tablets is an act of infringement of one or more claims of the '703 patent entitling Acorda to the relief provided by 35 U.S.C. § 271 (e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 20-6268 and/or 20-6858 be a date which is not earlier than the expiration date of the '703 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 67 of the Complaint.

68.     Mylan had knowledge of the '703 patent when it submitted ANDA No. 20-6268 and/or 20-6858 to the FDA.

**ANSWER:**     Mylan admits that it had knowledge of the '703 patent when it submitted ANDA

No. 20-6858 to the FDA.   Mylan denies the allegations contained in paragraph 68 of the

Complaint not expressly admitted.

69.     Upon information and belief, Mylan intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Mylan Generic Tablets with the proposed labeling. The use of Mylan Generic Tablets in accordance with and as directed by Mylan's proposed labeling would infringe one or more claims of the '703 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 69 of the Complaint.

70.     Upon information and belief, Mylan intends to actively induce infringement of one or more claims of the '703 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 70 of the Complaint.

71.     Upon information and belief, Mylan knows that Mylan Generic Tablets and the proposed labeling are especially made or adapted for use in infringing one or more claims of the '703 patent and that the ANDA Products and the proposed labeling are not suitable for any substantial noninfringing use.

**ANSWER:**     Mylan denies the allegations in paragraph 71 of the Complaint.

72.     Upon information and belief, Mylan intends to contribute to the infringement of one or more claims of the '703 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 72 of the Complaint.

73.     The foregoing actions by Mylan constitute and/or would constitute infringement of one or more claims of the '703 patent, active inducement of infringement of

one or more claims of the '703 patent, and/or contribution to the infringement by others of one or more claims of the '703 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 73 of the Complaint.

74.     Acorda will be substantially and irreparably harmed if Mylan is not enjoined from infringing the '703 patent. Acorda has no adequate remedy at law.

**ANSWER:**     Mylan denies the allegations in paragraph 74 of the Complaint.

## RESPONSE TO ALLEGATIONS PERTAINING TO COUNT V FOR PATENT INFRINGEMENT OF THE '685 PATENT

75.     The allegations of paragraphs 1-74 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:**     Mylan reasserts and incorporates by reference its responses to paragraphs 1-74 above as if fully set forth herein.

76.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Mylan's filing of ANDA No. 20-6268 and/or 20-6858 seeking approval to market Mylan Generic Tablets is an act of infringement of one or more claims of the '685 patent entitling Acorda to the relief provided by 35 U.S.C. § 271 (e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 20-6268 and/or 20-6858 be a date which is not earlier than the expiration date of the '685 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 76 of the Complaint.

77.     Mylan had knowledge of the '685 patent when it submitted ANDA No. 20-6268 and/or 20-6858 to the FDA.

**ANSWER:**     Mylan admits that it had knowledge of the '685 patent when it submitted ANDA No. 20-6858 to the FDA.   Mylan denies the allegations contained in paragraph 77 of the Complaint not expressly admitted.

78.     Upon information and belief, Mylan intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Mylan Generic Tablets with the proposed labeling. The use of Mylan Generic Tablets in accordance with and as directed by Mylan's proposed labeling would infringe one or more claims of the '685 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 78 of the Complaint.

79.     Upon information and belief, Mylan intends to actively induce infringement of one or more claims of the '685 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 79 of the Complaint.

80.     Upon information and belief, Mylan knows that Mylan Generic Tablets and the proposed labeling are especially made or adapted for use in infringing one or more claims of the '685 patent and that the ANDA Products and the proposed labeling are not suitable for any substantial noninfringing use.

**ANSWER:**     Mylan denies the allegations in paragraph 80 of the Complaint.

81.     Upon information and belief, Mylan intends to contribute to the infringement of one or more claims of the '685 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 81 of the Complaint.

82.     The foregoing actions by Mylan constitute and/or would constitute infringement of one or more claims of the '685 patent, active inducement of infringement of one or more claims of the '685 patent, and/or contribution to the infringement by others of one or more claims of the '685 patent.

**ANSWER:**     Mylan denies the allegations in paragraph 82 of the Complaint.

83.     Acorda will be substantially and irreparably harmed if Mylan is not enjoined from infringing the '685 patent. Acorda has no adequate remedy at law.

**ANSWER:**     Mylan denies the allegations in paragraph 83 of the Complaint.

## RESPONSE TO ALLEGATIONS PERTAINING TO COUNT VI FOR INDUCED INFRINGEMENT

84.     The allegations of paragraphs 1-83 above are repeated and re-alleged as if set forth fully herein.

**ANSWER:**     Mylan reasserts and incorporates by reference its responses to paragraphs 1-83

above as if fully set forth herein.

85.     On information and belief, Mylan Inc. actively and knowingly caused to be submitted and/or assisted with, participated in, contributed to, and/or directed the submission of ANDA No. 20-6268 and/or 20-6858 to the FDA, knowing of the Ampyra® Patents.

**ANSWER:**     Mylan denies the allegations in paragraph 85 of the Complaint.

86.     The filing of the ANDA by Defendants through Mylan Pharmaceuticals Inc. constituted direct infringement under 35 U.S.C. § 27l(e). Under 35 U.S.C. §§ 271(b) and 271(e)(2)(A), defendant Mylan Inc. induced the infringement of the Ampyra® Patents by actively and knowingly causing to be submitted and/or assisting with, participating in, contributing to, and/or directing the submission of ANDA No. 20-6268 and/or 20-6858 to the FDA knowing that the submission of ANDA No. 20-6268 and/or 20-6858 would constitute direct infringement of the Ampyra® Patents. Defendant Mylan Inc.'s knowing and purposeful activities causing to be submitted and/or assisting with, participating in, contributing to, and/or directing the filing of ANDA No. 20-6268 and/or 20-6858, knowing that its submission would constitute direct infringement, constitute induced infringement of the Ampyra® Patents.

**ANSWER:**     Mylan denies the allegations in paragraph 86 of the Complaint.

## GENERAL DENIAL

Any allegation in Plaintiffs' Complaint not expressly admitted by Mylan is hereby denied.  Having answered Plaintiffs' Complaint, Mylan denies that Plaintiffs are entitled to the relief requested in Plaintiffs' Prayer For Relief or to any relief whatsoever.

## SEPARATE DEFENSES

Without prejudice to the denials set forth in its Answer to the Complaint, and without admitting any allegations of the Complaint not otherwise admitted, Mylan asserts the following separate defenses to the Complaint without assuming the burden of proof on any such defense that would otherwise rest on the Plaintiffs:

## FIRST SEPARATE DEFENSE

The manufacture, use, or sale, offer for sale, or importation of the product that is the subject of Mylan's ANDA No. 20-6858 ("the Mylan Product") has not infringed, does not infringe, and would not, if marketed, manufactured, used, sold, offered for sale, or imported, infringe any valid or enforceable claim of the '938, '826, '437, '703 and/or '685 patents.

## SECOND SEPARATE DEFENSE

One or more claims of the '938, '826, '437, '703 and/or '685 patents is invalid for failure to satisfy one or more of the conditions for patentability contained in 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

## THIRD SEPARATE DEFENSE

By virtue of the prosecution proceedings before the United States Patent and Trademark Office of the patent application leading to the '938, '826, '437, '703 and/or '685 patents, Plaintiffs are estopped from maintaining that any valid or enforceable claim of the '938, '826, '437, '703 and/or '685 patents is infringed by the Mylan Product.

## FOURTH SEPARATE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

## FIFTH SEPARATE DEFENSE

The Complaint fails to state a cause of action under 35 U.S.C. § 271(a) - (c) against Mylan because the Plaintiffs have not pled any facts with sufficient particularity that can give rise to liability under those sections.

## SIXTH SEPARATE DEFENSE

The Court lacks subject matter jurisdiction for any cause of action under 35 U.S.C. § 271(a) - (c) because at present there is no real and immediate case or controversy for Plaintiffs' claims under 35 U.S.C. § 271(a), (b), or (c), and/or (g). Plaintiffs' purported infringement action arises under 35 U.S.C. § 271(e).

## SEVENTH SEPARATE DEFENSE

Any and all additional defenses and counterclaims that discovery may reveal.

## COUNTERCLAIMS

For its counterclaims against Plaintiffs/Counterclaim Defendants Acorda Therapeutics, Inc. ("Acorda") and Alkermes Pharma Ireland Limited ("Alkermes") (collectively, "Counterclaim Defendants"), Defendant/Counterclaim Plaintiff Mylan Pharmaceuticals Inc. (hereinafter "Mylan" or "Defendant") states as follows:

## PARTIES

1.      Upon information and belief, Plaintiff Acorda purports and claims to be a corporation organized and existing under the laws of Delaware with its corporate headquarters at 420 Saw Mill River Road, Ardsley, New York 10502.

2.      Upon information and belief, Alkermes purports and claims to be an Irish corporation with its corporate headquarters at Connaught House, 1 Burlington Road, Dublin 4, Ireland.

3.      Mylan is a corporation organized under the laws of the State of West Virginia, having a place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505.

## JURISDICTION AND VENUE

4.      These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      The Court has original jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      The Court has personal jurisdiction over Counterclaim Defendants because Counterclaim Defendants commenced and continue to maintain this action against Mylan in this judicial district.

7.     To the extent that this Court is found to properly exercise personal jurisdiction over Mylan, venue for these Counterclaims is proper in this judicial District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

**PATENTS IN SUIT**

8.     On or about July 30, 1996, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 5,540,938 ("the '938 patent"), titled "Formulations and Their Use in the Treatment of Neurological Diseases."   Upon information and belief, Alkermes is the owner or assignee of the '938 patent.

9.     On or about August 30, 2011, the USPTO issued United States Patent No. 8,007,826 ("the '826 patent"), titled "Sustained Release Aminopyridine Composition."   Upon information and belief, Acorda is the owner or assignee of the '826 patent.

10.     On or about January 15, 2013, the USPTO issued United States Patent No. 8,354,437 ("the '437 patent"), titled "Method of Using Sustained Release Aminopyridine Compositions."   Upon information and belief, Acorda is the owner or assignee of the '437 patent.

11.     On or about May 14, 2013, the USPTO issued United States Patent No. 8,440,703 ("the '703 patent"), titled "Methods of Using Sustained Release Aminopyridine Compositions." Upon information and belief, Acorda is the owner or assignee of the '703 patent.

12.     On or about March 4, 2014, the USPTO issued United States Patent No. 8,663,685 ("the '685 patent"), titled "Sustained Release Aminopyridine Composition."   Upon information and belief, Acorda is the owner or assignee of the '685 patent.

13.     Upon information and belief, Acorda is indicated in the records of the United States Food and Drug Administration as the holder of New Drug Application No. 022-250 for dalfampridine extended release tablets, 10 mg, marketed by Acorda as Ampyra®.

14.     The '938, '826, '437, '703 and '685 patents are listed in the electronic version of the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") in for Ampyra®.

15.     By letter dated July 9, 2014, Mylan notified Plaintiffs in writing that it had filed ANDA No. 206858 with a certification provided for in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '938, '826, '437, '703 and '685 patents are invalid, unenforceable, and/or will not be infringed by the product that is the subject of ANDA No. 206858.

16.     On July 16, 2014, Counterclaim Defendants sued Mylan alleging infringement of the '938, '826, '437, '703 and/or '685 patents.

## FIRST CLAIM FOR RELIEF
(Declaratory Judgment of Non-Infringement of the '938 Patent)

17.     Mylan restates and realleges each of the foregoing paragraphs 1-16 as if fully set forth herein.

18.     Counterclaim Defendants have accused Mylan of infringing the '938 patent.

19.     Mylan denies infringement of the '938 patent and alleges that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan's ANDA No. 20-6858 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the '938 patent.

20.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan and Counterclaim Defendants regarding the infringement of the '938 patent.

21.     Mylan is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan's ANDA No. 20-6858 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the '938 patent.

## SECOND CLAIM FOR RELIEF
(Declaratory Judgment of Invalidity of the '938 Patent)

22.     Mylan restates and realleges each of the foregoing paragraphs 1-21 as if fully set forth herein.

23.     Counterclaim Defendants have accused Mylan of infringing the '938 patent.

24.     Mylan denies infringement of the '938 patent and alleges that the '938 patent is invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Patent Code, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

25.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan and Counterclaim Defendants regarding the validity of the '938 patent.

26.     Mylan is entitled to a judicial declaration that one or more the claims of the '938 patent are invalid.

**THIRD CLAIM FOR RELIEF**
(Declaratory Judgment of Non-Infringement of the '826 Patent)

27.     Mylan restates and realleges each of the foregoing paragraphs 1-26 as if fully set forth herein.

28.     Counterclaim Defendants have accused Mylan of infringing the '826 patent.

29.     Mylan denies infringement of the '826 patent and alleges that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan's ANDA No. 20-6858 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the '826 patent.

30.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan and Counterclaim Defendants regarding the infringement of the '826 patent.

31.     Mylan is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan's ANDA No. 20-6858 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the '826 patent.

**FOURTH CLAIM FOR RELIEF**
(Declaratory Judgment of Invalidity of the '826 Patent)

32.     Mylan restates and realleges each of the foregoing paragraphs 1-31 as if fully set forth herein.

33.     Counterclaim Defendants have accused Mylan of infringing the '826 patent.

27

34.     Mylan denies infringement of the '826 patent and alleges that the '826 patent is invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Patent Code, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

35.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan and Counterclaim Defendants regarding the validity of the '826 patent.

36.     Mylan is entitled to a judicial declaration that one or more the claims of the '826 patent are invalid.

**FIFTH CLAIM FOR RELIEF**
(Declaratory Judgment of Non-Infringement of the '437 Patent)

37.     Mylan restates and realleges each of the foregoing paragraphs 1-36 as if fully set forth herein.

38.     Counterclaim Defendants have accused Mylan of infringing the '437 patent.

39.     Mylan denies infringement of the '437 patent and alleges that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan's ANDA No. 20-6858 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the '437 patent.

40.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan and Counterclaim Defendants regarding the infringement of the '437 patent.

41.     Mylan is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan's ANDA No. 20-6858 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or

imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the '437 patent.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '437 Patent)

42.     Mylan restates and realleges each of the foregoing paragraphs 1-41 as if fully set forth herein.

43.     Counterclaim Defendants have accused Mylan of infringing the '437 patent.

44.     Mylan denies infringement of the '437 patent and alleges that the '437 patent is invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Patent Code, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

45.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan and Counterclaim Defendants regarding the validity of the '437 patent.

46.     Mylan is entitled to a judicial declaration that one or more the claims of the '437 patent are invalid.

## SEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '703 Patent)

47.     Mylan restates and realleges each of the foregoing paragraphs 1-46 as if fully set forth herein.

48.     Counterclaim Defendants have accused Mylan of infringing the '703 patent.

49.     Mylan denies infringement of the '703 patent and alleges that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan's ANDA No. 20-6858 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered

for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the '703 patent.

50.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan and Counterclaim Defendants regarding the infringement of the '703 patent.

51.     Mylan is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan's ANDA No. 20-6858 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the '703 patent.

## EIGHTH CLAIM FOR RELIEF
(Declaratory Judgment of Invalidity of the '703 Patent)

52.     Mylan restates and realleges each of the foregoing paragraphs 1-51 as if fully set forth herein.

53.     Counterclaim Defendants have accused Mylan of infringing the '703 patent.

54.     Mylan denies infringement of the '703 patent and alleges that the '703 patent is invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Patent Code, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

55.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan and Counterclaim Defendants regarding the validity of the '703 patent.

56.     Mylan is entitled to a judicial declaration that one or more the claims of the '703 patent are invalid.

## NINETH CLAIM FOR RELIEF
(Declaratory Judgment of Non-Infringement of the '685 Patent)

57.     Mylan restates and realleges each of the foregoing paragraphs 1-56 as if fully set forth herein.

58.     Counterclaim Defendants have accused Mylan of infringing the '685 patent.

59.     Mylan denies infringement of the '685 patent and alleges that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan's ANDA No. 20-6858 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the '685 patent.

60.     A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan and Counterclaim Defendants regarding the infringement of the '685 patent.

61.     Mylan is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan's ANDA No. 20-6858 has not infringed, does not infringe, and would not, if manufactured, used, sold, offered for sale, or imported, infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the '685 patent.

## TENTH CLAIM FOR RELIEF
(Declaratory Judgment of Invalidity of the '685 Patent)

62.     Mylan restates and realleges each of the foregoing paragraphs 1-61 as if fully set forth herein.

63.     Counterclaim Defendants have accused Mylan of infringing the '685 patent.

64.    Mylan denies infringement of the '685 patent and alleges that the '685 patent is invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Patent Code, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

65.    A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Mylan and Counterclaim Defendants regarding the validity of the '685 patent.

66.    Mylan is entitled to a judicial declaration that one or more the claims of the '685 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Mylan respectfully prays for judgment in its favor and against Counterclaim Defendants:

(a)    Declaring that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan's ANDA No. 20-6858 has not infringed, does not infringe and would not infringe, directly, indirectly or contributorily, any valid or enforceable claim of the '938, '826, '437, '703 and/or '685 patents, either literally or under the doctrine of equivalents;

(b)    Declaring that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan's ANDA No. 20-6858 has not infringed, does not infringe and would not induce the infringement of any valid or enforceable claim of the '938, '826, '437, '703 and/or '685 patents;

(c)    Declaring that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of Mylan's ANDA No. 20-6858 has not infringed, does not infringe

and would not contributorily infringe any valid or enforceable claim of the '938, '826, '437, '703 and/or '685 patents;

(d)     Declaring that the claims of the '938, '826, '437, '703 and/or '685 patents are invalid;

(e)     Ordering that Plaintiffs/Counterclaim Defendants' Complaint be dismissed with prejudice and judgment entered in favor of Mylan;

(f)     Declaring this case exceptional and awarding Mylan its reasonable attorney's fees and costs of these Counterclaims pursuant to 35 U.S.C. § 285; and

(g)     Awarding Mylan such other and further relief as the Court may deem just and proper.

Dated:  February 20, 2015

|                                      | _/s/ Mary B. Matterer_                    |
|--------------------------------------|-------------------------------------------|
| *Of counsel:*                        | Mary B. Matterer (I.D. #2696)             |
|                                      | Richard K. Herrmann (I.D. #405)           |
| Timothy H. Kratz                     | MORRIS JAMES LLP                          |
| George J. Barry, III                 | 500 Delaware Avenue, Suite 1500           |
| Karen L. Carroll                     | Wilmington, DE  19801-1494                |
| Brie L.B. Buchanan                   | (302) 888-6800                            |
| McGuireWoods LLP                     | mmatterer@morrisjames.com                 |
| 1230 Peachtree Street N.E., Suite 2100 |                                         |
| Atlanta, Georgia 30309-3534          | *Attorneys for Mylan Pharmaceuticals Inc.* |
| 404-443-5500                         |                                           |
| tkratz@mcguirewoods.com              |                                           |
| gbarry@mcguirewoods.com              |                                           |
| kcarroll@mcguirewoods.com            |                                           |
| bbuchanan@mcguirewoods.com           |                                           |

Cedric C.Y. Tan
McGuireWoods LLP
2001 K Street N.W., Suite 400
Washington, D.C. 20006-1040
202-857-1700
ctan@mcguirewoods.com